ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| DSME Construction Co., Ltd. | ) ASBCA No. 63878 |
| | ) |
| Under Contract No. W91QVN-23-D-0038 | ) |

APPEARANCE FOR THE APPELLANT:  Yong Eui Song, Esq.
      Central IP & Law
      Seoul, Korea

APPEARANCES FOR THE GOVERNMENT:  Dana J. Chase, Esq.
      Army Chief Trial Attorney
      MAJ Bruce A. Nessler, JA
      CPT Natalie W. McKiernan, JA
      MAJ Katharine M. Calderon, JA
      Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
ON GOVERNMENT'S MOTION TO DISMISS APPEAL

This appeal challenges the government's default termination of a contract for preventative maintenance services at facilities at Camps Humphreys and Yongin, in the Republic of Korea.[1] *DSME Constr. Co.*, ASBCA No. 63878, 24-1 BCA ¶ 38,642 at 187,849 (finding jurisdiction). The parties have chosen to proceed under Board Rule 11, which provides for a decision on the briefs, with no live hearing. The government moves for dismissal of the appeal as a sanction for what it charges is appellant's misuse or careless use of generative artificial intelligence (AI) in providing case citations to the Board.

FINDINGS OF FACT

After filing their Rule 11 opening briefs on July 31, 2025, the parties filed their responsive briefs on September 29, 2025; each styled its responsive brief as a reply brief. The parties then filed what they styled as their surreplies on December 1, 2025. On December 19, 2025, the government moved that the Board strike appellant's surreply because, the government said, the surreply "contains 27 false or misleading citations . . . including 16 discrete citations to cases that do not appear to exist," which,

---

[1] Compl. at 41; *see* R4, tab 1 at 1-3.

the government says, are "the hallmarks of generative artificial intelligence (AI) hallucinations." [2]

On December 24, 2025, without addressing the government's motion to strike the surreply, and without even addressing whether it used AI, appellant moved for leave to file an amended surreply (which appellant included in its December 24, 2025 filing), apologizing for what it characterized as "the significant technical inaccuracies and citation errors contained in [its] original Surreply," which, appellant said, "resulted from a fundamental breakdown in the appellant's citation-verification and proofreading process."[3]  On January 23, 2026, the government responded to the motion to amend by requesting that the Board deny that motion, and treat the government's motion to strike the surreply as a motion to sanction appellant by dismissing the appeal with prejudice.[4]  The government added that it had reviewed the citations contained in appellant's opening brief and found five case citations that also "appear to cite to fictitious cases or misrepresent the holdings of cases cited."[5]  The government concluded by requesting denial of the motion to amend and dismissal of the appeal, pointing to what it said was the "fictitious case law" cited in appellant's surreply.[6]

On January 27, 2026, appellant replied to the government's January 23, 2026 brief by requesting "that the Board deny the motion to dismiss . . . and permit the appellant to proceed with its corrected filings," and that, "[i]f the Board finds that sanctions are warranted . . . the Board impose a lesser sanction . . . such as striking the defective surreply."[7]  The government replied to appellant's January 27, 2026 response on February 25, 2026, saying that:

> appellant concedes that four of the eight citations in its Rule 11 Opening Brief were to cases that do not exist. Likewise, appellant admits that it cited to another fictitious case in its January 9, 2026 brief on the vitiation issue.[8]

---

[2] Gov't Dec. 19, 2025 br. at 1, 15.  Although in the conclusion to its motion to strike, the government requests that the Board "deny this appeal in its entirety," we interpret that as a reference to the government's preferred disposition if the appeal is decided on its merits.

[3] App. Dec. 24, 2025 br. at 1-2.

[4] Gov't Jan. 23, 2026 br. at 9-10.

[5] Gov't Jan. 23, 2026 br. at 2 ¶ 1.

[6] Gov't Jan. 23, 2026 br. at 9-10.

[7] App. Jan. 27, 2026 br. at 12.

[8] On December 17, 2025, the Board requested briefing upon whether a January 22, 2024 final decision by the contracting officer had vitiated the finality of the contracting officer's October 17, 2023 termination of the contract for default.

> Adding these concededly erroneous case citations to the 30 false case citations and four fictitious [Federal Acquisition Regulation] cites that appellant included in its Rule 11 Surreply, to date appellant has admitted to including 39 total cites across these three briefs that cite to cases that do not exist.[9]

In response, on March 5, 2026, appellant denied that its briefing cites 39 non-existent cases, but admitted that appellant "made references to ten (10) non-existing cases; one (1) in the Opening Brief, one (1) in its January 9, 2026 brief on the vitiation issue, and eight (8) in its Rule 11 Surreply."[10]  Appellant's March 5, 2026 brief states further that those ten citations of non-existent cases "represent an unintentional lapse in providing inaccurate citation rather than a fraud upon the Board."[11]  That brief does not mention AI, or otherwise explain with any specificity how it happened that appellant cited ten cases that do not exist.

<u>DECISION</u>

Filing briefs without taking the necessary care in their preparation, including reliance upon fictitious opinions or incorrect citations (whether AI-generated or not) risks sanctions; we have recently sanctioned a party for such behavior by striking an offending brief, guided by Rule 11 of the Federal Rules of Civil Procedure.  *See Huffman Constr., LLC*, ASBCA Nos. 62591, 62873, 25-1 BCA ¶ 38,932 at 189,484-86.  Without addressing whether it used AI to prepare its surreply, appellant admits that its original surreply includes "incorrect case names, erroneous reporter citations, and the misapplication of certain regulatory provisions."[12]  Having originally requested only that we strike that surreply, the government now requests (and not in the alternative) that we dismiss the appeal altogether, with prejudice.[13]  We decline to do so.  The government fails even to address whether appellant's behavior is the kind of contumacious or contemptuous conduct sufficient to justify the drastic sanction of dismissal, "the severest sanction the Board can issue."  *See Utility Constr. Co.*, ASBCA No. 57224, 12-2 BCA ¶ 35,128 at 172,467; *Sykes Commc'ns, Inc.*, ASBCA Nos. 53842, 54077, 04-2 BCA ¶ 32,743 at 161,936.  Nevertheless, in view of appellant's admission that its December 1, 2025 surreply cites eight non-existing cases,[14] we accept appellant's suggestion that we

---

[9] Gov't Feb. 25, 2026 br. at 1.
[10] App. Mar. 5, 2026 br. at 4.
[11] App. Mar. 5, 2026 br. at 6.
[12] App. Dec. 24, 2025 br. at 1.
[13] Gov't Jan. 23, 2026 br. at 1, 10.
[14] App. Mar. 5, 2026 br. at 4.

3

strike that brief.[15]  In addition, in view of appellant's admission that three of its briefs in this appeal (including the surreply) together cite ten non-existing cases, combined with what we view as appellant's lack of candor regarding how those non-existing cases found their way into its briefing, and to deter repetition of future such conduct —AI-related or not—we deny appellant's motion for leave to file an amended surreply.  *See Huffman Constr.*, 25-1 BCA ¶ 38,932 at 189,487.

CONCLUSION

The government's motion to dismiss the appeal with prejudice is denied. Appellant's December 1, 2025 surreply is stricken; appellant's December 24, 2025 motion for leave to file an amended surreply is denied.

Dated:  March 13, 2026


TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals


I concur


J. REID PROUTY
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur


MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[15] As an aside, the government suggests that the Board strike appellant's opening brief. Gov't Jan. 23, 2026 br. at 9.  We decline:  the government does not address whether, under the circumstances, leaving appellant with only its "reply" brief responding to the government's opening brief would unduly prejudice appellant.  *See Huffman Constr.*, 25-1 BCA ¶ 38,932 at 189,485-87; *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006).

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63878, Appeal of DSME Construction Co., Ltd., rendered in conformance with the Board's Charter.

Dated:  March 13, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5